1950-35, Res-CARE, INC. v. United States. Mr. Schaffer, you are ready. Your Honors, may it please the Court. I'm Jonathan Schaffer, Smith, Packard, McWhorter for the appellant Res-CARE. We are here today because the Department of Labor has restricted competition to determine the contract to operate the Blue Ridge Job Corps Center, and our client Res-CARE has been successfully operating that contract since 1998. The Department of Labor's actions in excluding Res-CARE are contrary to the governing statute, the Workforce Investment Act. That statute has very specific, unique factors that don't permit the government from excluding large businesses. There are very specific and limited exceptions in the statute, and so they're only permitted to exclude companies based on special sole source requirements. They're not allowed to limit competition by excluding large businesses. In the alternative... Well, isn't there a statute that provides for small business set-asides? There is. The Competition in Contracting Act, which is a very general statute, provides for full and open competition with about five or six different exceptions from competition, and those include small business set-asides. The Workforce Investment Act, which is the one that governs the award of contracts for Job Corps Center contracts, is very specific. It includes four unique factors that deal specifically with the Job Corps requirements. One of which is competitive participation. Isn't that right? Well, the Workforce Investment Act has as part of its requirements that securities be conducted on a competitive basis. It says there are three exceptions. It says except for these three areas, you have to award on a competitive basis, and so those are the only exceptions that are permitted. The Supreme Court has long held that when there are a list of exceptions, those are the only ones that are presumed to apply, and that's what this statute does. It has three specific exceptions from competition, and the department's interpretation would render that language surplusage. It makes no sense, because the department says, well, the Competition in Contracting Act takes over, not the Workforce Investment Act. But the Workforce Investment Act, by its very terms, it says except as provided in subsections A-C. So those are those three special limited source requirements. Except for those limited requirements, you have to award these Job Corps Center contracts on a competitive basis. And that's very specific language that governs this limited area of law. I listened to you carefully in your opening, and you said it's not right for them to restrict competition. Now, that's different from precluding competition. The way they restricted competition was by restricting it to a couple of small business entities, which presumably, at least it was so found by labor, were competitive. What's your problem? The Workforce Investment Act says that there are only three exceptions from competition. This is not an exception. This is compliance. The Workforce Act says competition, and labor says, fine, there'll be competition among small business entities. But they're excluding or discriminating against a higher class of companies that are otherwise permitted to compete. Nothing says competition has to be open to everybody in the world, does it? Well, it does for this Act, because this Act has specific language. It talks about the different factors that you can consider in conducting these determinants. Mr. Schaffer, for you to win as a textual matter, is it true you need us to believe or agree that competitive basis, as that term is used in the Workforce Investment Act, is the same thing as full and open competition? I don't think it has to. I mean, that's one way to get there, but that's not the only way to get there. Okay, so suppose we disagree with that, then what's the other way? Well, the other way is to look at the Workforce Investment Act, Section 287. It has specific factors that the Department of Labor is allowed to consider. So it's a very specific, specialized law, unlike Competition and Contracting Act. And it talks about things like working with state and local governments. It talks about past performance. It doesn't say anything about small business. So if you look at that section, it doesn't permit excluding any types of businesses, other than the three exceptions that I already mentioned for the special source requirements. So the Act itself says these are the factors that we're going to let you consider for Job Corps Center contracts, because they're special. The legislative history talks about how this isn't business as usual anymore. Congress was extremely frustrated at this very confusing program. They said we have to do something to help these students, to help these kids. We're setting up a special program, a very specialized statute. It's going to require them to work with the state and local governments, local business councils. That's completely different than any other type of procurement. But what in the statute precludes a small business acquisition? The language that it talks about, except as provided, in subsections A-C. Except as provided doesn't say anything. Well, it does. It says these are the exceptions from Competition. You're not claiming an exception, are you? No, we're not. So forget the exceptions. What in the statute positively states that a small business competition isn't comparable? Because the Act itself provides for reward on a competitive basis, without exclusions, except for the three exclusions that are listed. You keep going back to the three exclusions. Nobody's arguing the exclusions apply. Well, I'm going back to the three exclusions because Congress was very specific. They said this is a problem. It's not business as usual. We want a special hierarchy to apply these special four factors for considering awarding these Job Corps Center contracts, unless one of these three exceptions apply. And the exceptions are all for really unique circumstances. They're talking about urgently compelling circumstances, emergency kind of situations. Otherwise, everyone should be able to compete and to further the interests of this Act, which, again, is different from CICA. CICA applies to anything you buy. This is different. And CICA has a provision, it's in 3301A, that says CICA's going to apply unless some other statute permits a different approach to be followed. I gather that there is no other statute on which you're relying to either to protect an incumbent or with respect to changing the classification, limiting it to small business after it's been operating in some other manner. No, we're relying on the Workforce Investment Act. Okay. Again, Congress was concerned about this process. They said it's not business as usual. And I think business as usual means CICA. CICA was the older statute. And CICA permitted as part of competition. They said, yes, you can limit it to small businesses. That's one of the competition exceptions. And to get back to Judge Flager's question, that's how it fits into the exceptions. Because CICA said there are about four, five, six different exceptions, including the three that apply to the Workforce Investment Act, plus small business set-asides, multiple award contracts. There are other types of exceptions. The Workforce Investment Act said there are three exceptions. And then except for those three exceptions, you have to award on a competitive basis. Which to you means full and open competition. Well, again, it doesn't have to be the words full and open competition. It's on a competitive basis. So it means that people can come in and compete. It's a different statute. You don't look to CICA. You look towards the Workforce Investment Act. Well, the Workforce Investment Act says shall select on a competitive basis an entity to operate a job core center. Right? That's right. The preamble to that is except for these three. That's your basis for arguing, if I understand it, that you're entitled to compete. That's right. Do I understand that correctly? Yes, Your Honor. So you have to help us understand why on a competitive basis means open and free competition but can't be limited to a small business exception or not an exception, a small business competition if they want to do it that way. Well, because the statute's requiring award on a competitive basis. And again, I keep coming back to the three exceptions because that's the limitation. Otherwise, it has to be competitive. Right, but those exceptions are for non-competitive. So I guess one could read that entire provision. It says except in these limited exceptions, that fourth and 3304, where it's okay to have no competition, you otherwise need to select these providers for JCC on a competitive basis. Right? So there's a comparison between these narrow examples of no competition, that's okay if you fulfill that, and then otherwise you have to do it on a competitive basis. And it seems like Congress knows full well how to use the magic language, full and open competition. But they're different statutes. They use the term competitive basis, which is not in CICA. And the interpretation that you were discussing really renders that except for language surpluses because that's already in CICA. So if CICA controls, then this language that's in the Workforce Investment Act is totally unnecessary. And under defendant's interpretation, you can take a line through the exceptional language and just cross it out. It has no meaning. So the only reason that language is there is to divide a limitation and say these are the three exceptions. This is a special case. It's not business as usual. There are three exceptions that you're allowed to use. But the point Judge Chen just made is it seems to me the stumbling block in your case because the opposite of competitive basis is non-competitive basis. And the government's argument is under the small business set-asides, we're going to set up a competitive bidding but limited to small businesses. That is not non-competitive. That's competitive but limited. Do we have to read competitive basis as meaning no limits in order to come out where you want to come out? Competitive basis has to mean that it's open to the people who are covered by this Act. The Act talks about how companies, contractors, local organizations can come in. Open to anyone who is qualified under the Act to bid. That's right. And they can't say, well, we're going to exclude large businesses or we're going to exclude companies from here or there. They can't do that unless it fits one of the three exceptions. Otherwise, they can't exclude. The exceptions are for non-competition. And again, this is to permit these companies to compete for an awarded contract. It doesn't mean that they're necessarily going to be awarded a contract. So, Redskirts are trying to get an opportunity to compete for these contracts. How long have you had this contract, by the way? Redskirts had it since 1998. A long time. They've had it for a long time. It's one of the highest rated. There are 125 of these jobs. Has there ever been a prior small business set-aside for this particular contract? Not for this one. There are 125 centers. Are there small business set-asides for other? Yes, there are. Yes, there have been set-asides. I think about five of them have been challenged at the Court of Federal Claims. I think this Court will hear two more appeals from other large businesses. But there are 125 centers. And if you look at the ranking, the Department of Labor publishes a ranking of the centers. The ones that have been set-aside always do the worst. And the records show that those centers have very low rates of placing their students. They have low- Counsel, that was excluded from the trial. So, don't give it to us here. Well, Your Honor, we've- That's not part of the record. Correct, Your Honor. We've moved to supplement the record and we've asked the- And we denied that. And we've asked the Court to reverse that determination under the Axiom case. Until we do, that matter is not in the record. Understood, Your Honor. And just to touch- Just with a little time that I have left to just touch on that point, the Court excluded from the administrative record the Relin-Duran report. And the Court's view was that since the contracting officer or the contracting agency had not actually considered it, the Court viewed it as unnecessary for judicial review. But the report was highly material to the Rule of Two analysis. And that's our alternative argument, that even if the set-aside rules apply, the Department of Labor did not properly apply those rules because they determined that there were two capable companies, but they didn't look at the history of small business contracting performance. But even if we were to admit that information, I think that the most you can get from that is that this is not a wise decision, not that it's not authorized by the statute. Is that correct? No, we disagree. I think the point you're making is the one that the Court below made. The Court said it's an interesting argument, but it's really a policy issue. It might be common sense, and I think the opinion says that. I think it's in the record, page 19 or 20, said it might be good common sense, but it's a policy issue. But it's not a policy issue because the way this Court reviews Rule of Two determinations is whether the contracting officer considered all the relevant evidence. And what we're saying is this report, which was based on the Department of Labor's own data, was not properly considered. And under the Administrative Procedure Act, you have to ask, did the agency grapple with contradictory evidence? And they didn't. The report did not include any data about the two particular small businesses that, in fact, qualified under the Rule of Two, right? The report was about other unaffiliated small businesses. Actually, just to be clear, the report did deal with one of the two. The other one was relatively new. But it didn't denigrate that one, right? Yes, that's right. So in terms of the connection to the two small businesses that were deemed to qualify under the Rule of Two, there wasn't anything there. I think there is something relevant because the two companies, one, I can't get into the names that's protected, but one of the companies was an Alaska Native company, and that's the one that did somewhat well in the report. The other one was a relatively new entrant that was a typical small business, in other words, a very, very small company. And the report showed that all of those small companies that had tried to do these projects had done very poorly. And their students and the young people at the centers that were operated by small businesses, they all did very poorly. And so that's why the report's relevant. Even if we assume your argument that it's relevant, you have a very high hurdle to get over because the only way you can invalidate what they did on that score is by having us conclude it's arbitrary and capricious. That's a very high hurdle. Well, I think the question is whether or not the contracting officer was arbitrary and capricious in not grappling with their own data. And if the court were to say they should have considered that data, there are a couple of alternatives. Certainly the court could remand it back down to the contracting officer to say you should have looked at that report, now go and do that. So it doesn't have to be that this court finds that the entire process was arbitrary and capricious, just that the refusal to consider that relevant data... That's what we're talking about is the refusal to consider those data as relevant to the selection. That's right. The question is whether or not it was relevant or not. We think that's something that this court can address. It's still the arbitrary and capricious hurdle for us to come to that conclusion. Yes, we would agree with that. We agree that it's a high standard, but the question again under the APA is did the contracting officer grapple with contrary evidence, and we would say the records show that they did not. All right, that's it from the government. Thank you. Good morning, Your Honor. I'm Amanda Tannum for the United States, and we may please support the Department of Labor's decision to open competition to small business only for the operation of a Job Corps Center. It conforts with long-standing government policies to foster small businesses and does not violate the Workforce Investment Act or WEA.  and that the Department of Labor's decision prohibits the use of small business set-asides is unfounded. As the trial court found, the plain language of WEA allows for awards on a competitive basis with certain exceptions, those that are non-competitive, such as sole-source awards and those in urgent and compelling circumstances. But when you have a business that's being efficiently and effectively run and it's not within the small business set-aside, aren't there different considerations when you take an operating business and reclassify it as opposed to saying that this kind of activity, this new project for which bids are being accepted, are open only to small businesses? Your Honor, the Rule of Two in FAR 19502-2 requires the agency to consider whether an upcoming procurement can be set aside for small business competition only, and that's what the agency has done here through seeking market research under FAR 10.001 to try to determine whether any small businesses are capable and available to bid on an upcoming procurement. The question of... No, that wasn't my question. I'm relating to changing the classification of a going concern while they base... And the reason it's a going concern is because this contractor has previously been selected and has been operating for years. So we are changing the type of procurement that's being moved forward with. The classification of the plaintiff is not being changed. We're simply changing the type of procurement that we're going forward with. And under FAR 19502-2, this is a... And as can be seen in FAR 6.203, it's a preliminary step to explore whether a small business set aside is a good idea that will work, that there will be available small businesses to compete in an upcoming proposal. If it turns out that acceptable offers aren't received from small businesses, then FAR 19502-2 provides for reversion to competition that includes large businesses in which the incumbent could compete. So you're not answering the question. Why is it a good idea for the... Is there any difference when you have an established business as opposed to a procurement for a new activity? No, Your Honor. FAR provides that the agency should explore the possibility of small business set-asides and the Small Business Act, as well as Section 41 U.S.C. 3104 of the procurement statute states that the government should give opportunities to foster small businesses and to allow them to participate in procurement. Let me try. To what extent, as a practical matter, does the agency, like the Department of Labor, consider the performance of the incumbent contractor before choosing to do a small business set-aside of that contract? And then maybe the follow-up question is, as a matter of law, to what extent is that even relevant? Your Honor, I believe that before beginning a small business set-aside, it's purely a question of whether this is the type of procurement that would be a... that the FAR, in fact, requires, as the trial court noted in Benchmade, the FAR requires that a small business set-aside be, you know, attempted when possible, when the rule of two is met. So the question... Is there anything in the FAR that says, hey, we also need to look at the past performance of the incumbent contractor that happens to not be a small business? Not at the time that the request for information is made and the small business set-aside is considered. The market research that's done would not include the large business's performance. And in the future proposal review, that is when past performance is considered. We've heard a lot in Redster's brief about past performance being consideration. However, the trial court's decisions and the GAO's decisions make clear that there's no particular method required to consider the availability of small businesses. The FAR only requires a reasonable expectation that in the future it's likely that two or more responsible small businesses will submit offers at fair market prices. Let me step into this one too, perhaps confusing it even more. This is a bid protest under 28 section 1491B, right? In that proceeding, are they entitled to challenge the reasonableness of the Department of Labor's selection of who can bid? We understand from the trial court's decision that they have standing to do so because they're not going to be able to compete in the future procurement. That's why we have understood the trial court to find standing in that situation to challenge the reasonableness of a Rule of Two decision. So is it the government's position that they can properly bring to us the question of whether the particular two small business bidders are in fact qualified or reasonably qualified to participate in this bidding? Can they challenge that at this step or is there a later step? It's unclear to me, and that's why I'm asking this, where we are in these proceedings. Is there a later opportunity for them to come in or is this it for them? We understand that once the solicitation is issued that they would not be able to challenge the terms of the solicitation. They couldn't challenge the terms of the solicitation so they would not have standing to challenge the qualifications of the bidders at that point. After the solicitation has been issued and bids have been received. So if they're entitled to challenge the qualifications of the bidders, why aren't they entitled to challenge the trial court's exclusion of studies that cast doubt on the qualifications of these particular bidders because they're part of a class of bidders about whom their studies show there's real question. We understand that the register can argue that the trial court abused its discretion in not supplementing the administrative record with the Rell and Duran report and declaration. Not only can they argue it though, aren't they right? If the question is whether these bidders are in fact qualified to bid, and this is their only shot at it, then shouldn't they be able to bring in whatever relevant evidence there is  To begin with, it's not the qualifications of the bidders, it's whether the contracting officer's decision was arbitrary and capricious based upon its review of the market research obtained from those interested small businesses. So it's not technically the qualifications of the bidders. We don't even know if these particular entities that respond to a request for information are going to be the bidders in the end. This is why it's a preliminary step just to gauge the interest of the small business community and determine whether there's a reasonable expectation that two or more responsible small businesses will submit proposals in response to a future solicitation. But whether this particular report has any... Would this be something that the administrative record should be supplemented with? No, because it is purely statistical information over a period of time from 2002 to 2010, which doesn't even include the time period we're looking at now. It averages the performance data related to student performance, not the performance of the actual operators of the Job Corps Center. As Judge Chen pointed out, there is no information in there about one of the two small businesses that submitted information. The second small business, as noted, had a high score. In fact, the Breast Care has not explained what those scores actually mean. What relevance does it have that the large businesses, when averaged, have a score of 96 and small businesses have a score of 91? Does that mean that, on average, small businesses can't perform well? And what relevance would that have to the particular two businesses we're looking at here? So the child court properly excluded or refused to supplement the record with information that was not necessary for effective judicial review. To go back to the... I'm still a little puzzled. If it's my job to hire someone for a particular technical position in the court or an administrative agency or what have you, and I've got several candidates being proposed, if I have data or someone has data that show that all those without a college degree do not do as well in this technical area as the ones with PhDs, isn't that relevant to my decision, even if it is data? I mean, some of us think data is useful. Well, I believe, as the child court found, a general look at a number of entities, or there, a number of applicants, can't give you the information you need about the particular two, and it's unfair to those small businesses to, as the child court said, tar them with a brush. Every small business that has perhaps not performed as well, now we're going to assume none of them can perform well. That's simply not what the rule of two is designed to do. And as noted, the whole decision, the rule of two decision, is not intended to be a complicated one. It's, in fact, not even necessary to include a separate justification to make a set-aside. It's required to have a justification not to do a set-aside in FAR 6.203. And to go back to the plain language, the child court properly found that competition, competitive, simply means requires rivalry between two or more businesses. There's no reason to think that using the term competitive basis meant full and open competition under CICA. And because CICA is included in WEA, in the accept clause, it's proper to look at the CICA definition of what competitive procedures are. In 41 U.S.C. 152, Congress has told us that competitive procedures include small business set-asides. Ms. Tanton, is there anywhere in any government contracting act that uses the term competitive basis, other than in WEA? Other than in WEA? In CICA, actually, it's 3302B, which is a section that deals with multiple award contracts. There is a reference to competitive basis for the purposes of this subsection, 3302B. And what's described is merely providing notice, giving an opportunity to submit a proposal. Those are the types of things that are described as being competitive basis, allowing for a competitive basis. Has that ever been interpreted by a case? I do not believe that there's been a case that referred to that term. There's also a number of mentions of just the term competition throughout CICA. CICA section 3303A, which relates to the exclusion of sources, says the exclusion of a source can increase or maintain competition. Therefore, certainly the exclusion of a large business can also increase or maintain competition. So here we have a situation where there's a bid protest based on essentially the position that this is not an appropriate activity for which there should be a small business set aside. I don't understand why in that case the government has argued so strongly to exclude the data showing the relative performance of small and large business for this activity. Well, Your Honor, for one reason, this wouldn't even be the type of data that would be allowed in a past performance review for proposal review. This isn't even a proposal review. Well, what they're challenging in the bid protest is not the award to a particular entity, but the fact that this has been reclassified as a small business set aside, which eliminates a large number of actual and potential bidders. And this is the information that the government has argued successfully shouldn't be included. Doesn't one have to wonder as to the objectivity of the determination after excluding the evidence on one side? Well, for one thing, Your Honor, as the trial court noted, the question of whether in general, and I see my time has run out, but I'd like to... Please answer the question. ...is whether small businesses as a whole, as a group, perform as well as large businesses is a policy matter. It would be a question to be determined by, if this is what Radcliffe wants, by rethinking the Small Business Act, by rethinking the policy of... Of course, every statute has policy underpinnings. They are saying that this statute needs to be interpreted and applied in light of procurement policy. Well, as for the alleged differences in WEA, these appear to only be a section called Recommendations and Considerations, and they really have nothing to do with whether there should be a small business operating the contract. In fact, they can't be exclusive considerations. They are only called considerations, something to take into consideration. They're exemplary but not exclusive, as we've pointed out in our brief under the Nation's Bank, the Variable Annuity Life Insurance Company case from the Federal Circuit. There's nothing in WEA that creates a different scheme that somehow means that small businesses shouldn't be allowed to have the opportunity to compete through set-asides. Certainly, if that were the case, Congress would have been much more... They can compete. What we're doing is changing the rules of competition. Perhaps, Your Honor, if there is... We see no reason in WEA to read any sort of repeal by implication. Why would... There's nothing in WEA that speaks to Congress's intent to change the long-standing policies of fostering small businesses through doing small business set-asides. There is certainly a note... There's silence in the legislative history. This comment about not having business as usual certainly doesn't imply that small businesses can't have a competition purely among themselves. I'm sorry. I do have one last question. Are you involved in the other appeals about this very issue that is set for argument next month? No, Your Honor. I'm not a counsel of record. But do you know what the relationship is by any chance? Are the cases on all fours? No, Your Honor. Well, every... I believe most of the issues presented in this case do come up in the Adams cases because the Adams cases also challenge the meaning of WEA and the Rule of Two analysis. Also, I believe relying on the Rell and Duran report and declarations of the sort found here, however... Do they have small business set-aside issues in the Adams case? Yes, Your Honor. They also involve the Department of Labor's decision to set two other Job Corps Center contracts aside for small business competition. Okay. Okay. Thank you, Lisa. We ask the Court to affirm the trial court decision. Thank you. Okay, Mr. Shaffer. Let's see, we've run over four minutes. We'll ask Mr. Shaffer's rebuttal. Mr. Shaffer, a quick question for you to clarify something. Sure, Your Honor. If it is the case that under the law the Department of Labor has authority to impose small business set-asides, and if it is the case that under the law the Workforce Investment Act does not preclude labor from making a small business set-aside for these job jobs, then it is true. Is it not that whether small business is a good business to do this, as distinct from large business, is irrelevant because the law has decided that small business is capable of doing it, and then it's just their problem of picking which one. Isn't that the case? No, I don't agree with that. Even if set-asides apply here, they still have to do the rule of two analysis, which has to be particularized to the procurement that's at issue. So these are procurements for Job Corps Center contracts, and the question is, are there two small businesses that are capable of doing the work? And the FAR says, when you're looking at that, are the companies responsible? Past performance is something that you can take into account, and if the small businesses have a history of poor performance, that's something the contracting officer has to take into account and weigh. The contracting officer, as the APA case is saying... But that's not your issue. Well, that is our issue. That's our alternative issue. I know you're trying to make it your issue, but I don't see it as your issue. If it's true that they can do a small business set-aside, then whether there are or are not two qualified small businesses is a problem that they've got to wrestle with. You don't have standing anymore, right? We do have standing. The solicitation says this is set-aside for small businesses only, and under the blue and gold case, we have to protest that before proposals are due, which we did. We came in and we said set-asides aren't allowed, but if they are allowed, the rule of two hasn't been met. And there are many cases from the Court of Federal Claims and the GAO that analyze rule of two, and they say are there really two capable cases? I hear you. And then they apply the APA standard, and they say did the contracting officer grapple with contrary evidence? And our problem is that the contracting agency had the contrary evidence. They didn't consider it. We tried to present it to the Court of Federal Claims. They said it's outside the administrative record. We're not going to consider it. We moved to supplement, but it was excluded. And so those portions of our brief that address the report were also excluded. Why didn't you submit it into the administrative record? Well, in a bid protest, the administrative record is prepared by the contracting agency, not by the company. Right, but there was an RFI, right? There was a notice that went out requesting information. Requesting are you interested in competing? And also, you know, is it viable to have a small business handle or do this through a small business set-aside? That would have been the most excellent time for you to submit the report that you had handy. The report had already been submitted to the contracting agency in multiple forms. But that was the Department of Labor. You know, this is something more specific about making a record for this particular case. Well, the report was submitted to ETA. It's the part of the Department of Labor that deals with these Job Corps Center contracts where these contracting officers work. So it was submitted to them, not in response to the RFI, because the RFI is going out to small businesses saying, are you a small business? Do you have capability? Submit your statement of capability. Really, it's like a proposal. It says, yes, we can do this. We have passed a point or whatever. Help me understand. In my prior life, I was from the PTO. And if you submitted something interesting like a report to one part of the agency, I can pretty confidently say that another part of the agency would not know about that report that was submitted to guy number one. That's not the case here. It's the same contracting agency who is issuing all these procurements for 125 Job Corps Center contracts. And so the report was submitted to the contracting agency that was conducting the procurement, not the person who sent out the RFI, but their boss or that same boss. There was nothing preventing you from submitting this report in response to that RFI. Well, we could have delivered it to them. I expect it would have been rejected because it was not covered by the RFI. The RFI was saying, are you interested in competing, not what do you think about your competitors? So it wasn't really... You also wanted to entertain the question of whether or not it should be done by a small business set-aside. I think that was what the RFI asked. It did, but it was aimed at small business people submitting responses to it, not it wasn't the place for us to challenge particular or small businesses, especially since the contracting agency already had the document. And more importantly, the report's important, but it's not necessarily what they needed because the report's based on their own data. If they had said, we're not going to look at the report because we've already considered our own data and you're wrong about the report, that would be different. Then I couldn't stand here and say they never grappled with the information. The report is based only on Department of Labor data showing the poor performance for these students, these young people. So they had the data. And again, the APA says, did the agency grapple with the contrary evidence? They had the evidence, they never grappled with it. And again, if the agency came before us and said, we know about that data, we've looked at it, we've considered it, and here it is in the record that we don't think it's important, here's why. I couldn't make this argument. It would be an APA argument because they would have grappled with the evidence. So we're trying to get it in through the report, but the report's not the only other piece of information they could have looked at. I just want to address one... I think we need to wrap it up. Just one quick point, a question that Judge Chen had asked about whether competitive basis is used anywhere in SECA. It's used in the multiple award section under 3302, I think it's 3302B. And under that provision, anyone with a multiple award contract is permitted. So it's full and open competition for all the classes, for all contractors. And so I think you can go back and look at that language and say, what does competitive basis mean there? And there it means full and open competition for all people holding a contract. And so it's not inconsistent with our interpretation, because we work for SECA. Okay. Thank you, Your Honor. Good. Thank you, Mr. Schaffer, and thank you, Mr. Anton. The case is taken into submission.